717 A.2d 437

FIRST FIDELITY ACCEPTANCE, PLAINTIFF,
v. STEVE HUTCHINS A/K/A STEVIE
HUTCHINSON, DEFENDANT.

Superior Court of New Jersey
Law Division
Special Civil Part
Monmouth County

Decided April 23, 1998.

*Keith Morgan,* for plaintiff *(Morgan, Bornstein & Morgan,* attorneys).

*Steve Hutchins* a/k/a *Stevie Hutchinson,* defendant pro se.

MARK A. SULLIVAN, Jr., J.S.C.

Plaintiff First Fidelity Acceptance sues for the deficiency between the balance due on a retail installment contract for the sale of a motor vehicle after deduction of the proceeds of the sale of the repossessed vehicle.

On October 17, 1994 defendant Steve Hutchins purchased a 1988 Chevrolet Corsica for $7,480.36. The purchase was financed by plaintiff, First Fidelity Acceptance. Defendant defaulted in payment under the loan and the vehicle was repossessed on September 30, 1997. Plaintiff's suit is for the balance due after the repossessed vehicle was sold.

Defendant did not answer, and plaintiff seeks default judgment. The accounting submitted by the plaintiff is as follows:

| | |
|---|---:|
| Balance at Repossession | $6,492.65 |
| Repossession and Storage Fees | 510.00 |
| Collection and Investigation Fees | 50.00 |
| Transportation and Sale Fees | 510.00 |
| Repair and Reconditioning Fees | 635.33 |
| | $8,197.98 |
| Less physical damage loss payment | 1,209.80 |
| | $6,988.18 |
| Less proceeds of sale | 500.00 |
| BALANCE DUE | $6,488.18 |

In addition, plaintiff seeks prejudgment interest of $171.92 and an attorney's fee of $698.81.

Of concern to the court is the fact that three items that would not have been necessary but for the repossession, i.e. the repossession and storage fees, the transportation and sale fees and the repair and reconditioning fees total $1,655.33, while the resale was only $500.00. It thus appears that, instead of reducing the balance, the repossession actually increased the balance by $1,155.33.

*N.J.S.A.* 12A:9–504 provides:

(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to the Chapter on Sales (chapter 2.). The proceeds of disposition shall be applied in the order following to

(a) The reasonable expenses of retaking, holding, preparing for sale, or lease, selling, leasing and the like and, to the extent provided for in the agreement and not prohibited by law, the reasonable attorneys' fees and legal expenses incurred by the secured party;

(b) The satisfaction of indebtedness secured by the security interest under which the disposition is made;

(c) The satisfaction of indebtedness secured by any subordinate security interest in the collateral if written notification of demand therefor is received before distribution of the proceeds is completed. If requested by the secured party, the holder of a subordinate security interest must seasonably furnish reasonable proof of his interest, and unless he does so, the secured party need not comply with his demand ... every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable.

■ It is well settled law that, if a creditor fails to dispose of the collateral in a commercially reasonable manner, a presumption

arises that the collateral was worth the amount of the debt. *Ingersoll–Rand Financial Corp. v. Miller Min. Co.*, 817 *F.*2d 1424 (9th Cir.1987); *Caterpillar Financial Services v. Wells*, 278 *N.J.Super.* 481, 504, 651 *A.*2d 507 (Law Div.1994).

On a default a plaintiff need make only a *prima facia* showing to recover. *Douglas v. Harris*, 35 *N.J.* 270, 173 *A.*2d 1 (1961). Here the *prima facia* showing appears to be to the contrary, that plaintiff is not entitled to a deficiency. This court interprets the phrase "every aspect of this disposition" to include not just the sale of the collateral but also the decision to repossess it. It is not "commercially reasonable" to spend $1,655.33 repossessing and preparing for sale a car that is likely to sell for only $500.00

Of further significance is that *N.J.S.A.* 12A:9–504 provides that the expenses of retaking, holding, preparing for sale and reasonable attorney's fees are to be deducted from the proceeds of the disposition. Nowhere does the statute permit these expenses to exceed the amount of those proceeds. To so permit would cause the repossession of a chattel to increase rather than decrease the balance due. Such a result would not only be absurd but would run contrary to the whole purpose of secured transactions, whereby collateral is intended to guarantee the satisfaction of a claim, in whole or in part, not to do exactly the opposite.

Plaintiff will be given Forty–Five days from the date of this opinion to submit *prima facia* proof that "every aspect of the disposition" was commercially reasonable. Should it fail to do, the complaint will be dismissed pursuant to the presumption that the value of the collateral equaled the loan. Should plaintiff succeed in making such a showing, recovery will be allowed for the balance due on the loan. However, the expenses of retaking holding, preparing for sale and reasonable attorney's fees will be limited to the $500.00 proceeds of the sale, any written agreement to the contrary being void as contrary to the statute.